**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

ALVIN J. VICKNAIR, JR.                CIVIL ACTION

VERSUS                                NUMBER: 2:12-cv-00024

JAMES CONSTRUCTION, et al             SECTION "B"

## ORDER AND REASONS

Before the Court is Plaintiff Alvin J. Vicknair's (Plaintiff) Motion to Request Appointment of Counsel under 42 U.S.C. § 12131(B) (Rec. Doc. No. 7). In response, Defendants James Construction Group, LLC (James Construction), Danny Hester, Timothy Gates, and Edwin J. Thomas, filed a Motion to Dismiss (Rec. Doc. No. 8). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Plaintiff's Request for the Appointment of Counsel be **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss be **GRANTED.**[1]

## PROCEDURAL HISTORY

Plaintiff brought suit against Defendants James Construction, LLC, and its employees Danny L. Hester, Timothy Gates, and Edwin J. Thomas for injuries arising out of an alleged car accident on November 4, 2008. (Rec. Doc. No. 1 at 1-2 ¶ 1). Plaintiff has a long history of mental disabilities, stemming from a traumatic brain injury which occurred in March 1997. *Id.* at 8 ¶ 8. Plaintiff

---

[1] We are grateful for the work on this case by Elizabeth Etherton, a Tulane Law School extern with our chambers.

specifically claims violations of his Fourteenth Amendment rights, the Americans with Disabilities Act (ADA), the Rehabilitation Act, and infringement of his civil liberties under 42 U.S.C. § 1983. *Id.* at ¶¶ 28-38.

Plaintiff alleges that Thomas, an employee of James Construction, was the "primary violator" in the car accident. (Rec. Doc. No. 1 at 9 ¶ 14). At the time of the accident, Thomas did not have a valid drivers' license or valid insurance.[2] *Id.* at ¶¶ 15-17. Gates, a project superintendent with James Construction, arrived at the scene of the accident. *Id.* ¶ 19. At the scene of the accident, Plaintiff alleges that Gates spoke to Louisiana State Trooper Danny Easley and did not include him in the discussion. *Id.* at 10 ¶¶ 20-21. He further claims that Easley permitted Thomas to leave the accident site without supplying correct information; additionally, he asserts that Easley "failed to follow the Louisiana State Police Department departmental Directive that required Trooper [sic] to jail all persons who were unable to produce a driver's license and driving under suspended licenses." *Id.* at ¶¶ 23-24. Combined, Plaintiff alleges that these actions are all part of a "conspiracy" by which the named parties acted with deliberate indifference towards Plaintiff's pain and suffering. *Id.* at 12 ¶ 28.

This is not the first suit that Plaintiff has filed stemming

---

[2] While there was proof of insurance in the car, it was not registered to Thomas. (Rec. Doc. No. 1 at 9 ¶ 17). Instead, it was registered to Tracy Raven. *Id.* at ¶ 18.

2

from the November 4, 2008 accident. Initially, a suit was filed in the 40th Judicial District Court, Parish of St. John the Baptist. (Rec. Doc. No. 8-1 at 3). This initial suit was against Edwin Thomas, Phoenix Indemnity Insurance Company, Allstate Insurance Company, and James Construction. *Id.* Summary judgment was granted in that case after the court found that Thomas was not in the course and scope of employment at the time of the accident. *Gay v. Thomas*, 2010-56762 (La. 40th Dist. 2/1/10). After the state court dismissal, Plaintiff filed suit against the State of Louisiana, Governor Bobby Jindal, and Trooper David Easley in the Middle District of Louisiana. *Vicknair v. State of Louisiana*, No. 08-cv-384 (M.D. La. 2009). In that case, Plaintiff filed a Motion for Voluntary Dismissal by Leave of Court, referencing the bar on suits against a state from the Eleventh Amendment. *Id.* The dismissal was granted on May 21, 2010. (Rec. Doc. No. 10-2 at 16). Finally, Plaintiff filed a "Notice of Intent to Apply for Alternative Writs of Mandamus" in the 40th District Court on December 13, 2011. (Rec. Doc. No. 8-1 at 4). He requested that a writ be issued by the 40th District Court "directing the 40th Judicial District Court Parish of St. John the Baptist State of Louisiana to desist from discrimination" against his Fourteenth Amendment rights, his rights under the ADA, and his rights under the Rehabilitation Act.[3] *Id.*

---

[3] His specific allegations included that the defendants in *Gay v. Thomas* committed perjury during the course of the trial. (Rec. Doc. No. 8-1 at 4). Plaintiff also claimed to have filed a

The immediate suit was brought in the Eastern District of Louisiana on January 5, 2012. Plaintiff requested appointment of Counsel in the Complaint (Rec. Doc. No. 1) because he claims he is unable to defend this civil action due to his disabilities. (Rec. Doc. No. 1 at 8). The instant Motion - Request for Appointment of Counsel - was filed with this Court on January 13, 2012. On January 25, 2012, Defendants filed a Motion to Dismiss (Rec. Doc. No. 8).

## CONTENTIONS OF MOVANT

Plaintiff claims that he "is a qualified individual as that term is defined by the Americans with Disabilities Act with a Neurological Physiological Condition." (Rec. Doc. No. 7 at 1). He requests that the Court appoint an attorney for him pursuant to the Americans with Disabilities Act. *Id.*

## CONTENTIONS OF RESPONDENT

Defendants request the instant case be dismissed for Plaintiff's failure to state a claim upon which relief can be granted. (Rec. Doc. No. 8-1 at 1). Further, Defendants claim that this suit is barred under principals of *res judicata* because the claims arising from the motor vehicle accident have been properly adjudicated in state court.[4] *Id.* at 6. Additionally, Defendants

---

Judiciary Commission complaint against the presiding judge in *Gay*, Judge Madeline Jasmine, based on her grant of summary judgment. *Id.*

[4] *Res judicata* would be appropriate in the instant case if Defendants met the standards prescribed by the Fifth Circuit in *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007). However, Defendants did not provide citations to the relevant

4

argue that Plaintiff's Complaint (Rec. Doc. No. 1) as written violates Federal Rule of Civil Procedure 8's pleading requirements. (Rec. Doc. No. 8-1 at 11).

## LAW AND ANALYSIS
### A. Standard of Review

#### 1. Appointment of Counsel

An ADA plaintiff has no automatic right to an appointed counsel. *See Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990); *Caston v. Sears, Roebuck and Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977). Each court has the discretion to provide counsel, if requested. *See Gonzalez* at 579; *Caston* at 1309. There is sparse case law in the Fifth Circuit regarding ADA claims; however, other courts utilize the same factors for appointment of counsel in ADA cases as used in Title VII cases. *See, e.g., Johnson v. City of Port Arthur*, 892 F. Supp. 835, 839 (E.D. Tex. 1995); *Filec v. Chicago Transit Authority*, 156 F.R.D. 166 (N.D. Ill. 1994). For a Title VII plaintiff, the Fifth Circuit recognizes three factors that must be present to appoint counsel: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Jackson v. Dallas Police Dep't*, 811

---

state court actions referenced in their Motion to Dismiss. Since this case is being dismissed on its merits, it was not necessary to consider Defendants' claims of *res judicata*. *Res judicata* and a defense that this action is duplicative/harassing would be viable defenses, with more information.

F.2d 260, 261 (5th Cir. 1986).

For claims brought under 42 U.S.C. § 1983, again, there is no absolute right to appointment of counsel. *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)(per curiam). The court has the discretion to appoint an attorney if it would advance the proper administration of justice. *See* 28 U.S.C. § 1915(d) (2006). The Fifth Circuit recognizes four factors that should be considered in ruling on requests for appointed counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)(internal citations omitted). In *Ulmer*, the court noted that it should be considered whether appointment of counsel would be of service to the plaintiff, the defendant, and the court itself "by sharpening the issues in the case, shaping the examination of the witnesses, and thus shortening the trial and assisting in a just determination." 691 F.2d at 213 (citing *Knighton v. Watkins*, 616 F.2d 795, 799).

**2. Federal Rule of Civil Procedure 8**

Rule 8 requires that initial pleadings before the court contain "a short and plain statement of the claim showing that the pleader is entitled to relief," among other things. Fed. R. Civ. P.

6

8(a)(2). It must be enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Further, these pleadings must be "simple, concise, and direct." *Id.* 8(d)(1). The Fifth Circuit has recognized that "[t]here may be cases in which mere verbosity would justify final dismissal*." Jumonville v. Dep't of Treasury*, 50 F.3d 1033, *2 (5th Cir. 1995)(quoting *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir. 1957), *cert. denied*, 355 U.S. 829 (1957)). Further, a district court should be given "great leeway" in determining whether or not there has been a violation of Rule 8. *See, e.g.*, *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979).

**B. Appointment of Counsel Applying the ADA Factors**

The ADA states that, "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity." 28 C.F.R. § 35.130 (2011). The Fifth Circuit recognizes three factors for appointment of counsel in an ADA claim: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Jackson,* 811 F.2d at 261.

To establish a prima facie case under the ADA, a plaintiff

7

must prove four factors: (1) that he is an individual with a disability within the meaning of the ADA; (2) that Defendants had notice of his disability at the time of the alleged discrimination; (3) that he was otherwise qualified to meet the program requirements; and (4) that Defendants refused to make reasonable accommodations. *See, e.g., Stone v. City of Mount Vernon*, 118 F.3d 92, 96-97 (2d Cir. 1997). The threshold inquiry is whether the plaintiff is a "qualified individual with a disability." *Id.* The burden of proving that one is a qualified individual with a disability is with the plaintiff. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999).

In the instant case, Plaintiff contends that "he is a qualified individual as that term is defined by the Americans with Disabilities Act with a Neurological Physiological Condition and has a record of having a disability." (Rec. Doc. No. 7 at 1). As evidence, he presents proof of disability from the Social Security Administration. (Rec. Doc. No. 7-2). Defendants acknowledge that, at the time of the accident, there was no "notice of [Plaintiff's] mental disability." (Rec. Doc. 8-1 at 9). However, Defendants do not contest that Plaintiff is a qualified individual with a disability, so for the purposes of this Motion, this Court will presume that Plaintiff is protected by the ADA, given his evidence of injury and Proof of Disability (Rec. Doc. No. 7-2).

However, Plaintiff cannot adequately meet the remainder of the standards to establish a valid ADA claim and therefore cannot survive Defendants' Motion to Dismiss for Failure to State a Claim. First, neither James Construction nor any of the individually named employees of James Construction qualify as a "public entity."[5] Second, there is no evidence presented by either party that Defendants were aware of Plaintiff's disability at the time of the car accident. (*See, e.g.,* Rec. Doc. No. 8-1 at 9). Third, Plaintiff makes no showing of how the alleged actions of the Defendants could constitute a "service, program, or activity of a public entity," as required by the statute. 42 U.S.C. § 12132 (2006). Plaintiff merely alleges that he was discriminated against because he was not permitted to participate in conversations that took place at the scene of the car accident between Thomas, Gates, and a state trooper, Easley. (Rec. Doc. No. 1 at 10 ¶ 21). However, as the instant suit is not against the Louisiana State Police Department or the Louisiana Department of Public Safety & Corrections, there is no public entity that could be implicated, even if there was a service, program, or activity appropriately alleged. Fourth, Plaintiff claims that "Defendants excluded [him] on the basis of his mental illness, from participation in the James Construction

---

[5] For the purposes of the ADA, a "public entity" is "any State or local government, any department, agency, special purpose district, or other instrumentality of a State or States or local government, and the National Railroad Passenger Corporation, or any commuter authority." 42 U.S.C. § 12131 (A) - (C) (2006).

Group practice etc. thru [sic] conspiracy." (Rec. Doc. No. 1 at 14 ¶ (I)(A)). If true, this could support the conclusion that Defendants failed to make reasonable accommodations for Plaintiff's disability. However, in order to make reasonable accommodations, Defendants must have been aware of Plaintiff's disability prior to the car accident, and there is no evidence of that in the materials presented by Plaintiff. Furthermore, Defendants deny any such knowledge. (Rec. Doc. No. 8-1 at 9). Absent too is any allegation that Plaintiff had an employment relationship with Defendant.

Given that Plaintiff cannot meet the burden of a prima facie case under the ADA, it would be futile to appoint counsel under the *Jackson* standards. *See Jackson,* 811 F.2d at 261. Further, since Plaintiff failed to adequately state a claim under the ADA, Defendants' Motion to Dismiss under Rule 12(b)(6) is proper.

**C. Appointment of Counsel Applying the 42 U.S.C. § 1983 Factors**

In *Ulmer,* the Fifth Circuit established four factors to be satisfied in order for a § 1983 plaintiff to be appointed counsel: (1) the type of lawsuit brought; (2) the capability of the plaintiff to adequately present his case; (3) the capability of the plaintiff to adequately investigate the case; and (4) the nature of the testimony likely to be presented at trial. 691 F.2d at 212.

§ 1983 allows relief against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . . subjects, or cases to be subjected, any citizen of the

United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws." 42 U.S.C. § 1983 (2006). Plaintiff's § 1983 claim is "to recover damages for injury to [his] person because of deprivation of all my rights or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mention[ed] in Section 1985[6] of title 42" and "to recover damages from any person who fails to prevent or aid in preventing any wrong mentioned in section 1985 of Title 42." (Rec. Doc. No. 1 at 15 ¶ 38). In the instant case, there is neither allegation nor basis for finding that the named Defendants acted under color of state law, as is required by § 1983. Conclusory allegations of a conspiracy of a conspiracy with state actors also fail. Therefore, Plaintiff fails to meet the first of the *Ulmer* standards because there is not a valid § 1983 claim pled before this Court. The final three factors, concerning the adequacy of the Plaintiff to present his claims, do not need to be analyzed at present. Again, since Plaintiff cannot prove that he has a proper § 1983 claim, Defendants' Motion under 12(b)(6) is proper on this issue.

---

[6] While in the body of the text Plaintiff claims damages under "Section 1985 of title 42," in the heading of the section, he labeled it as "14th Amendment – 42 U.S.C. 1983 Discrimination." (Rec. Doc. No. 1 at 15 ¶ 38). 42 U.S.C. § 1985 prohibits actions that are a conspiracy to interfere with civil rights, specifically, preventing an officer from performing their duties; obstructing justice, intimidating a party, witness or juror during the course of a trial; and depriving persons of rights or privileges due to a conspiracy. 42 U.S.C. § 1985 (1)-(3) (2006).

11

## D. Plaintiff's Complaint does not Fulfill the Pleading Requirements of Federal Rule of Civil Procedure 8

The Fifth Circuit permits claims to be dismissed under Rule 8(a)(2) when a complaint is overly verbose. *Jumonville*, 50 F.3d at *2. In *Jumonville*, the complaint at issue was sixty-five pages long and 215 paragraphs. *Id.* at *1. The plaintiff was then given two opportunities to amend and shorten her complaint; the first attempt reduced the length to fifty-four pages and 128 paragraphs, and the second attempt cut it to thirty-six pages and 88 paragraphs. *Id.* The Eastern District of Louisiana dismissed her claims under Rule 8(a)(2), noting that the claims remained "prolix and unintelligible." *Id.* That decision was upheld by the Fifth Circuit. *Id.* at 1-2.

In the instant case, Plaintiff's complaint is seventeen pages long and contains forty-one paragraphs of allegations. (Rec. Doc. No. 1). However, Plaintiff's complaint is virtually incomprehensible. It is difficult to ascertain which claim is against which defendant from the plain language of the complaint. The document is also extremely repetitive and conclusory. This is analogous to the complaint in *Jumonville*, where the Fifth Circuit found the complaint to contain "excess verbiage and irrelevant, repetitious, unintelligible allegations." *Jumonville*, 50 F.3d at *2. Plaintiff's complaint does not comply with Rule 8(d)(1)'s requirement that a pleading is "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Due to Plaintiff's noncompliance with the rules

of pleadings, Defendants' Motion to Dismiss on Rule 8 should be granted. Given the instant review and Plaintiff's previously dismissed actions involving this accident in two other jurisdictions, the invitation for an amendment would be a futile gesture.

## CONCLUSION

Under the ADA standard articulated in *Jackson* and the § 1983 standard articulated in *Ulmer*, **IT IS ORDERED** that Plaintiff's Request for the Appointment of Counsel be **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **GRANTED** for the reasons articulated above.

New Orleans, Louisiana, this 28th day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE